UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


KEN KENYATTA WILSON,           )   CASE NO.  1:12cv2921
                                       )
                                       )
       Petitioner            )   JUDGE CHRISTOPHER A. BOYKO
                                       )
      -vs-                   )
                                       )
UNITED STATES OF AMERICA,    )   <u>MEMORANDUM OF OPINION</u>
                                       )   <u>ORDER</u>
                                       )
                                       )
       Respondent.          )


Before the Court is *pro se* Petitioner Ken Kenyatta Wilson's above-captioned "Compos Mentis Habeas Corpus for Immediate Release from Illegal Detention under 28 U.S.C. § 2241 & 2255."  (Doc. No. 1.)  Petitioner, who was under evaluation by the Northeast Ohio Community Corrections Association (NEOCCA) at the time he filed this Petition, names the United States of America as Respondent.  He seeks an Order directing the Respondent to release him immediately. For the reasons outlined below, the Petition is dismissed without prejudice.

**Background**

In 1992, Petitioner was convicted in this Court of Possessing Cocaine for Intended

Distribution (Count One), Using or Carrying a Firearm During and in Relation to a Drug Trafficking Offense (Count Two), and being a Felon in Possession of a Firearm (Count Three).  *See United States v. Wilson*, 1:92cr0252 (N.D. Ohio filed Aug. 5, 1992).  The following year, Petitioner was sentenced to serve 262 months in prison on Counts One and Three, with a consecutive term of sixty months on Count Two.[1]  The Sixth Circuit affirmed the judgment on direct appeal.  *See United States v. Wilson*, 27 F.3d 1126, 1133 (6th Cir. 1994).  He was scheduled to begin his supervised release term on October 31, 2012.

On or about October 5, 2012, the United States Pretrial and Probation Office submitted a Supervision Report to the Court that included a request to modify the conditions of Petitioner's supervised release.  The Report was issued to address Petititioner's refusal to participate in any modification procedures prior to his scheduled supervised release date of October 31, 2012.  The Court ordered the parties to appear for a Modification of Supervised Release Hearing on October 29, 2012.  *See Wilson*, 1:92cr0252 (Doc. No.145.)  A Federal Public Defender was appointed to represent Petitioner at the hearing.

The scheduled hearing was held and continued to a later date.  On October 30, 2012, Petitioner's attorney filed the *pro se* Objections to the Supervision Report as an attachment.  *Id.* (Doc. No. 148.)  The Government was ordered to file a written response to Petitioner's Objections no later than noon on October 31, 2012.  Consistent with the Court's Order, the Government timely responded to Petitioner's Objections and also filed a Motion for Psychiatric and Competency

---

[1]Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in this Court seeking to vacate his sixty-month sentence under count two.  *See Wilson v. United States*, No. 1:96cv2641 (N.D. Ohio Dec. 9, 1996)(Matia, J.)  The Motion was granted by Judge Paul R. Matia on January 17, 1997.

-2-

Examination pursuant to 18 U.S.C. § 4241.  *Id.* (Doc. No. 149.)

On October 31, 2012, Petitioner was ordered to undergo an off-site psychiatric evaluation through the NEOCCA.  *Id.* (Doc. No. 150.)  The Court further ordered the United States Marshal to detain Petitioner at NEOCCA pending further order.

On November 27, 2012, the Petition before this Court was filed.  Petitioner argues his right to substantive due process is being violated by what he characterizes as the Probation Department's "retroactive modification" of the Court's original Judgment and Commitment (J&C).  It is his position that the J&C expired on the date his supervised release term began.  He argues further that, as a matter of law, the Court cannot rely on 18 U.S.C. § 4241 as a basis for his continued detention because there is no "valid criminal or civil charge, commitment, indictment or warrant" issued against him.  (Pet. at 2.)  As such, he asserts the Court lost jurisdiction to detain him after October 31, 2012.

Petitioner also objects to psychiatrist Archana Brojmohun's refusal to make an audiovisual record or "take Respondent's contemporaneous progress notes, even though the "Respondent's lead counsel" made five requests.  He moves to strike the psychiatrist's report as "involuntary" and court testimony as "hearsay, unconstitutional and unsubstantive."  (Pet. at 7.)

### Standard of Review

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002).  A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States

is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970).

### 28 U.S.C. §§ 2241 & 2255

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

### Discussion

Notwithstanding the limitations of procedural default, Petitioner could properly challenge the sentence this Court imposed by filing this action pursuant to §2255, if he were still in custody serving that sentence. He is not. Therefore, Petitioner has no statutory remedy under 28 U.S.C. § 2255 because he is not "in custody under sentence of a court established by Act of Congress." *See* 28 U.S.C. § 2255.

When Petitioner filed this action he was committed to the custody of the United States Marshal to undergo a psychiatric evaluation before the Court could determine whether to modify his supervised release. *See* FED. CR. R. 32.1(c). Since that date, the Court issued an Order on March

-4-

15, 2013 placing Petitioner in the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).[2] That statute does not preclude a person "from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(g).  Therefore, the matter is properly before the Court pursuant to 28 U.S.C. § 2241.

1.  *Jurisdiction*

The Supreme Court established the fundamental principle that habeas "does not act upon the prisoner ... but the person who holds him in what is alleged to be unlawful custody."  *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973).  Therefore, as "long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim ... even if the prisoner himself is confined outside the court's territorial jurisdiction." *Id*. at 495.

At the time this action was filed, this Court clearly had personal jurisdiction over Petitioner's custodian as he was detained within the geographical reach of the Northern District of Ohio.  *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir.1999).  Since that date, the BOP website indicates Petitioner has been transferred to the Federal Medical Center (F.M.C.) in Butner, North Carolina.  *See* www.bop.gov/inmateloc.  This Court did not, however, lose jurisdiction as a result of that transfer for two reasons.

---

[2]The statute provides, in relevant part:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him . . ., the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).

First, jurisdiction is established at the time a habeas petition is filed. *See Ex parte Endo,* 323 U.S. 283 (1944). If a prisoner is transferred during the course of the litigation, habeas jurisdiction remains in the district where the prisoner was incarcerated at the time the habeas petition was filed. *Id.* Secondly, because Petitioner is in custody under a commitment order issued by this Court pursuant to 18 U.S.C. § 4241, it cannot relinquish its jurisdiction as it relates to his detention pursuant to that Order. *See Bishop v. Medical Superintendent*, 377 F.2d 467, 468 (6th Cir.1967)(court which had jurisdiction of habeas proceeding at time petition was filed did not lose jurisdiction when petitioner was transferred to mental hospital in another district). It is only this Court, and not the Warden of F.M.C. Butner, that may grant the statutory relief he seeks, either conditional or unconditional release. *See* 18 U.S.C. § 4247(h). Therefore, this Court has discretion to take jurisdiction over Petitioner's *pro se* habeas petition under either 18 U.S.C. § 4247(g), or 18 U.S.C. § 4247(h), or both.

2. *Not Entitled to Habeas Relief*

Petitioner argues he cannot be held beyond the expiration of the sentence imposed by this Court. He complains there is no Order directing his continued detention and, therefore, he should have been free to leave prison on October 31, 2012, the date his supervised release term was scheduled to commence. Moreover, he questions under what authority the Probation officer was permitted to modify his supervised release term based on his mental competency.

As a matter of law, a federal inmate who has completed his sentence may be committed for a longer period on the grounds that he is dangerous because of mental illness. *See* 18 U.S.C. § 4246; *Cochran v. Dysart*, 965 F.2d 649, 649 (8th Cir.1992). Before that determination can be made, however, the inmate is entitled to due process.

-6-

In this case, the Probation office recommended a modification of Petitioner's supervised release three weeks before that term commenced.  Therefore, under the Due Process clause of the Fourteenth Amendment to the United States Constitution as well as by rule, Petitioner had a right to a hearing before the conditions of his supervised release could be modified.  *See* FED. R. CRIM. P. 32.1.  Petitioner was afforded that right during his hearing before the Court on October 29, 2012.  The Court was further mindful that due process prohibits the commencement of a modification hearing in the absence of a defendant's mental competency. *Cf. Medina v. Singletary*, 59 F.3d 1095 (11th Cir.1995) (due process is violated if defendant tried when mentally incompetent).  Thus, after it appeared Petitioner may not be competent to understand the proceedings to modify his supervised release, the Court ordered Petitioner's psychiatric evaluation on October 31, 2012.

Based on the foregoing, Petitioner is not entitled to habeas relief at this time.  Contrary to his claims, the Court is authorized to detain him beyond the date his supervised release term was scheduled to commence.  Up to the date he filed this action, and thereafter, Petitioner was provided all the due process to which he was entitled in advance of this Court ordering his continued detention.[3]

Because the Court committed Petitioner to the custody of the Attorney General pursuant to

---

[3]In the context of supervised-release modification hearings, the Fourth and Sixth Circuit Courts of Appeal have not disapproved of district courts' reliance on the system established by the Insanity Defense Reform Act of 1984 for competency proceedings in federal criminal cases. *See e.g. United States v. Vandyke*, 64 Fed. Appx. 877, 878 (4th Cir.2003) (applying § 4241(d) to revocation hearings); *United States v. Kanode*, 993 F.2d 1540, 1993 WL 168936 (4th Cir.1993) (noting the use of § 4241 to address a motion for an evaluation to determine competency to proceed with a supervised-release revocation hearing); *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir.1986) (affirming district court's finding that defendant in probation-revocation proceeding lacked competency, and affirming defendant's subsequent forced hospitalization pursuant to § 4241(d)).

18 U.S.C. §4241(d), he is advised that his attorney "may, at any time during . . . [his] commitment, file with the court . . .  a motion for a hearing to determine whether [he] . . . should be discharged from such facility, but *no such motion may be filed within one hundred and eighty days of a court determination* that the person should continue to be committed." 18 U.S.C. § 4247(h)(emphasis added).  Thus, any motion filed pursuant to 18 U.S.C. § 4247, prior to September 15, 2013, would be considered premature.

### Conclusion

Based on the foregoing, Petititioner's Motion to Proceed *In Forma Pauperis* is granted and the Petition is denied pursuant to 28 U.S.C. §2243, but without prejudice to address his continued confinement in the future.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  June 20, 2013